**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy Ruben SOTO,
Defendant-Appellant.**

No. 84–1238.

United States Court of Appeals,
Ninth Circuit.

June 26, 1986.

Ivan S. Abrams, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Stevan Noxon, Asst. Fed. Public Defender, Fresno, Cal., for defendant-appellant.

**ORDER**

Before MERRILL, WALLACE, and POOLE, Circuit Judges.

The government has filed a petition for rehearing, and Soto has filed a response.

The opinion filed in this case on January 3, 1986, 779 F.2d 558, is amended by deleting the last two paragraphs and substituting the following:

We decline, however, to find the sentence imposed for Count IV improper. Furthermore, we need not remand for resentencing because the record presents no evidence that the district court was influenced to give a heavier sentence under Count IV, which was the more serious violation, because of the conviction under Count I. *See United States v. Ray*, 731 F.2d 1361, 1368 (9th Cir.1984).

Although there is no basis in the record to support a remand for resentencing, if Soto believes there was error, he has the option of filing a Fed.R. Crim.P. 35(b) motion for a reduction of sentence. Rule 35(b) permits the district judge to reduce a sentence sua sponte or on motion of the defendant for up to 120 days after the underlying conviction and sentence have been affirmed on appeal.

AFFIRMED.

With the amendment as set forth above, the petition for rehearing is denied.

POOLE, Circuit Judge, dissenting.

I respectfully dissent from today's turnabout which sets aside the remand provided in our original opinion. *See United States v. Soto*, 779 F.2d 558, 564 (9th Cir.1986).

We affirmed the judgment of the district court on Count IV, involving possession of an unregistered sawed-off shotgun. We reversed the contemporaneous conviction of appellant on Count I which had charged him, a previously convicted felon, with possession of three pistols. We reversed that conviction because, despite the jury verdict, the evidence was plainly insufficient to show appellant's possession of any of the pistols. The legal maximum sentence for Count I is two years; for Count IV, ten years. 18 U.S.C. § 3575(a) provides for increase of the conventional sentence maxima up to 25 years for a "dangerous special offender." In light of the appellant's prior criminal history and his two instant convic-

tions of firearms offenses, the court found him to be a dangerous special offender within the contemplation of the statute. After some initial confusion, the district court imposed an enhanced sentence of 25 years as to Count IV and 12 years as to Count I, to be served consecutively for a total of 37 years.

Upon our review we found that no reasonable jury could have found beyond a reasonable doubt that appellant had possession of the pistols and we set that conviction aside. We said then that although "we decline to find the sentence imposed for Count IV improper, we nonetheless remand to the district court for reconsideration of Soto's sentence since his conviction on both counts may have affected the punishment set for Count IV." 779 F.2d at 564. Judge Wallace disagreed with the remand and dissented. He conjured up fears that thenceforth

> any reversal of one count in a multiple count conviction will now automatically be considered to have met the majority's 'may have affected' test. No precedent requires such a result nor should it be adopted. It is counterproductive to the orderly administration of the criminal justice system.

779 F.2d at 565 (Wallace, Circuit Judge, dissenting).

The catastrophic fears harbored by the dissent were and are groundless. The sky will not fall nor prisons decay from desuetude because we have remanded a case such as this to give the trial judge an opportunity to review the proportionality of the survivor of two enhanced sentences where we have found that a companion sentence was supported by insufficient evidence. The remand in no way dictated what the court would do with Count IV and it retained the discretion to confirm or modify. The situation is altogether different from the ordinary multiple-count case because here the judge is exercising a special jurisdiction to add up to 25 years to the terms specifically prescribed by law.

Under the special dangerous offender statute, a court can impose drastic increases in sentences based upon its weighing of the significance of present conviction and a past history. But on appeal, our function as a reviewing court is markedly different than in the ordinary case. We have to determine whether the enhanced sentence is appropriate. It is our duty to make that review with solicitude for proportionality. Common sense tells that even the most just among us may be influenced by passion engendered from pre-formed opinions. Congress seems to have been aware that the power to decree enhanced sentences could result in "warehousing" persons convicted of crimes instead of the discrete, individualized appraisal of each case. To assure justice, Congress included special provisions delineating our functions on appeal. This kind of review is much more plenary than in the ordinary case. We may, if deemed desirable, vacate the sentence and impose an entirely different one. 18 U.S.C. § 3576, Review of Sentence, provides:

> Review of the sentence shall include review of whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused. The court of appeals on review of the sentence may, after considering the record, including the entire presentence report, information submitted during the trial of such felony and the sentencing hearing, and the findings and reasons of the sentencing court, affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could originally have imposed, *or remand for further sentencing proceedings and imposition of sentence,* except that a sentence may be made more severe only on review of the sentence taken by the United States and after hearing. (Emphasis added.)

Surely it was not disruptive for us to tell the district judge that since we have disapproved of one aspect upon which his sentencing rested, we now give an opportunity to review whether the same sentence should still remain in effect.

In this case, the prosecutor insisted, the jury was persuaded to believe, and the judge concluded, that appellant was (1) a bad person (albeit one who had previously been punished for his prior bad deeds) and (2) that he had committed two present felonies. By consecutive sentences the judge ordered him away for 37 years. We have the duty not only to review for sufficiency of evidence and for compliance with the parameters of due process, but also the affirmative duty to put our imprimatur on the appropriateness of this very severe sentence or to withhold approval. We could modify, reduce or vacate the sentence entirely, and could impose or direct the judge to impose another sentence. We have, of course, responsibility to recognize the proper role of the trial judge; but this statute brings to us a special mandate to inquire into an enhanced sentence because such a power to imprison is outside the limitations which usually apply to sentencing.

Our original remand was ordered to allow the district court to give consideration to a change in Soto's situation brought about by our determination that the government's evidence on the pistol possession count was simply insufficient. The increase in sentences—by one hundred fifty per cent on the shotgun violation and by *six hundred per cent* on the gun violation—must have been based in some part on the weight accorded to the gun law count—if there is any rationality to sentencing.

Sentencing under this statute requires considering all the information available to the court, but obviously, the greater the quantum and the kind of offense of the crimes which brought the defendant before the court, the more likely is the judgment to be severe. This is a fact of judicial experience. To argue that the now-vacated conviction did not enter into the calculus which produced an incarceration period of 37 years is to subscribe uncritically to a most fond view of the working of the human mind.

The majority quite misses the point in arguing that remand is inappropriate "because the record presents no evidence that the district court was influenced to give a heavier sentence" to the surviving count because of the presence of the vacated conviction. That argument simply shrugs off our duty to make our own judgment of the sentence; that duty does not vanish merely because the record may not affirmatively show that the one sentence was related to the other. The point is also missed in the concluding paragraph of the order which invites Soto to file a motion under Rule 35 of the Federal Rules of Criminal Procedure "if [he] believes there was error." The question is not whether Soto can convince the judge that the sentence on Count IV was "wrong;" it is whether *we* discharge the responsibility which Congress placed upon us. This statute is not deferential to the trial judge; but on the contrary, requires us to monitor enhanced sentences—that is why both prosecutors and defense are given the right to appeal.

Particularly is this true where the statute imposes on the trial judge a mandate to set forth with specificity why he makes the increase in sentence. Surely it is more than merely finding the defendant to be bad.

Our role under the statute is not, like that of the common law demurrer, simply to search for error. Rather, it is to determine for ourselves that the sentence is in fact in balance, is in proportion. Congress has said we may do this by pronouncing a sentence ourselves, by directing the trial court to impose a sentence we have devised, or by remanding for further proceedings. The latter alternative is the choice we made when this case was first decided. The Government's complaint that it would involve the expense of transporting the appellant from the prison facility is utterly without merit: the Government had no such financial solicitude when it burdened the public treasury with the considerably greater expense of trying a gun count on evidence which any litigator of experience would know was insufficient.

Inasmuch as I do not sense that the majority's wisdom is any greater than the court possessed when it ordered a remand, I now dissent.