978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Devon WILLIAMSON, Defendant-Appellant.
 No. 92-10111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 9, 1992.
 
 Before BOOCHEVER, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Devon Kent Williamson appeals his conviction for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846. Williamson argues that the evidence against him was insufficient because (a) the testimony of one of the government's chief witnesses, James Dunn, was incredible as a matter of law and (b) no evidence was presented that Williamson entered into an agreement with the alleged co-conspirators. We find that a rational jury could have believed Dunn to be credible and that sufficient evidence of an agreement between Williamson and the alleged co-conspirators was presented. Accordingly, we affirm Williamson's conviction.
 
 
 3
 I. Standard of Review.
 
 
 4
 "In reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. The test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict." United States v. Soto, 779 F.2d 558, 560 (9th Cir.), modified, 793 F.2d 217 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987) (citations omitted).
 
 
 5
 II. Credibility of James Dunn.
 
 
 6
 Williamson asserts that the testimony of James Dunn should have been disregarded because (1) Dunn's story that he returned to the hotel after initially leaving with the marijuana in his car conflicted with FBI Agent Sanderson's claim that he saw no car in front of the hotel at that time; (2) Dunn's claim that he returned to his hotel room twice to retrieve his wallet and some cash conflicted with FBI Agents Sanderson and Edmond's testimony that they did not see Dunn return to the room; (3) Dunn claimed that four phone calls had been made from the hotel room when hotel records showed that only one call had been made; and (4) a series of Dunn's statements appear internally inconsistent.
 
 
 7
 On issues of witness credibility, we typically defer to the jury's assessment when reviewing for sufficiency of the evidence. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992). However, we need not sustain a conviction where uncorroborated testimony is "incredible or unsubstantial on its face." United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987). See also Galloway v. United States, 130 F.2d 467, 471 (9th Cir.1942), aff'd, 319 U.S. 372 (1943) ("In the civil context, if the evidence presented by a party is positively contradicted by the physical facts, neither the court nor the jury is permitted to give it credence.").[1]
 
 
 8
 We believe that a rational jury could have found Dunn credible. Dunn's testimony was corroborated on many material points (see discussion in Section II, supra ), and where uncorroborated, it did not necessarily conflict with the other evidence offered. First, Dunn's story that he returned to the front of the hotel and Agent Sanderson's claim that he did not see Dunn are not necessarily contradictory. The events testified to occurred at night. Agent Sanderson testified that he "looked down" the front parking lot as he approached Broadway and that he did not see any brake lights, taillights, or car. Dunn, however, stated that he turned off his lights when he parked in the front lot. Moreover, Agent Sanderson's pursuit of Dunn was delayed and hurried. It is conceivable that Agent Sanderson simply may have missed Dunn's car given the timing, the nature of his search, and the darkness.
 
 
 9
 Second, the fact that Agent Edmond did not testify that he saw Dunn return to the hotel room to retrieve his wallet and cash does not necessarily undermine Dunn's testimony. Neither Agent Sanderson nor Agent Edmond may have been positioned to see Dunn's hotel room when Dunn returned. Apparently, Agent Edmond waited outside to meet Agent Sanderson after Sanderson lost contact with Dunn's vehicle. Dunn could have returned to his room undetected at that time.
 
 
 10
 Finally, Dunn's testimony as to the number of phone calls from the hotel room and the various inconsistencies that Williamson cites do not render Dunn unbelievable. To the extent that there were internal inconsistencies in the testimony or contradictions between Dunn's testimony and other evidence offered, a rational jury could still have believed the other portions of Dunn's testimony. We find the resolution of the credibility issue in this case similar to that in Lopez:
 
 
 11
 [Dunn's] testimony was not incredible on its face; the jury could and did find it believable. [Appellees] presented extensive evidence impeaching [Dunn]. The jury was aware of the challenges to [Dunn's] credibility; nevertheless, it believed him. That was its proper prerogative.
 
 
 12
 Lopez, 803 F.2d at 973.
 
 
 13
 Accordingly, we hold that Dunn's testimony was not incredible as a matter of law.
 
 
 14
 II. Sufficiency of the evidence to support the jury's finding of conspiracy.
 
 
 15
 Williamson argues that there was no evidence of an agreement between him and his alleged cohorts sufficient to support a conspiracy per 21 U.S.C. § 846. Section 846 makes it an offense to conspire to commit a drug crime. In this case, Williamson was convicted of conspiring to knowingly or intentionally possess with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1) (1988).
 
 
 16
 A "[c]onspiracy is established 'when there is an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense.' " United States v. Bailey, 607 F.2d 237, 243 (9th Cir.1979), cert. denied, 445 U.S. 934 (1980) (citations omitted). "The agreement need not be explicit, but may be inferred from circumstantial evidence." United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir.1980).
 
 
 17
 Viewing the evidence in the light most favorable to the government, a rational jury could find ample evidence to convict Williamson of conspiracy to distribute marijuana. Williamson was placed at a meeting between co-defendant Houk and Gary Tovar during which marijuana prices were discussed. He was observed using a telephone at a convenience store to make calls inferentially to obtain the marijuana at a specified price. Williamson also participated in transporting the marijuana. He carried one of four bags containing a total of eighty pounds of the substance to a hotel room. The marijuana was inspected in front of him in the hotel room. James Dunn testified that he saw Williamson counting money in the room. FBI Agent Edmond saw Williamson leave the hotel room. In following Williamson, Edmond noticed the smell of marijuana in the room from which Williamson exited. Agent Edmond later observed Williamson carrying a bag that looked like a gym bag and placing it in the trunk of a car. Finally, law enforcement officers confronted Williamson as he was about to enter the car with keys in hand. Officers searched the trunk and found, among other things, a green duffle bag containing over $111,000 in cash.
 
 
 18
 The cumulative evidence could have led a rational jury to believe that Williamson had agreed to and had overtly acted to possess the marijuana with an intent to distribute it. At minimum, a juror could have found that the evidence directly supported a finding that Williamson's cohorts were engaged in a conspiracy and that Williamson was "connected" to that conspiracy. Bailey, 607 F.2d at 243 ("Once the existence of a conspiracy is established, 'evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy.' " (citations omitted).
 
 
 19
 Because we hold that a rational jury could have believed the testimony of James Dunn and could have found sufficient evidence that Williamson participated in a conspiracy, we affirm Williamson's conviction.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williamson asserts that where a witness' testimony contradicts common sense, we are dealing with a different animal apart from sufficiency of the evidence or credibility. He apparently argues that United States v. Generes, 405 U.S. 93, 106 (1972) (finding that the witness' testimony, standing alone, did not "bear the light of analysis"), establishes a different standard of review for cases in which a witnesses' testimony conflicts with common sense. We disagree. Assessing the believability of a witness using common sense in light of the other evidence presented at trial is the essence of a credibility determination. The standard articulated in Lopez for reviewing witness credibility in the context of a sufficiency of the evidence analysis coincides with the language used in Generes. At bottom, we assess whether a rational juror could have found Dunn credible