26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Adam WUSTRACK, Defendant-Appellant.
 No. 92-10531.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1994.*
Decided May 18, 1994.
 
 Before FARRIS, BEEZER, and RYMER, Circuit Judges.
 MEMORANDUM**
 Raymond Wustrack appeals his jury conviction and sentence for conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He argues that the district court erred in admitting evidence of a coconspirator's purchase of crystal methamphetamine, and that there was insufficient evidence to convict him of possession with intent to distribute. Wustrack further contends that the district court erred in increasing his base offense level for obstruction of justice under Sec. 3C1.1 of the Sentencing Guidelines. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 1
 * Wustrack argues that the district court erred in admitting evidence of coconspirator Wade Kitagawa's previous purchase of a large quantity of crystal methamphetamine for $55,000, to be paid to Wustrack. Because Wustrack did not make a Rule 404(b) objection in the district court, we review the admission of this evidence for plain error. United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990).[1] "A plain error is a highly prejudicial error affecting substantial rights." United States v. Yarbrough, 852 F.2d 1522, 1537 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 2
 Wustrack submits that the evidence of the crystal methamphetamine transaction was not relevant to prove any material element of the offenses with which he was charged. We disagree. Evidence of a prior drug transaction is relevant to " 'explain the nature of the relationship' between coconspirators while placing 'their transaction in context for the jury,' thereby 'show[ing] the background and development of the conspiracy.' " United States v. Jones, 982 F.2d 380, 382-83 (9th Cir.1992) (alteration in original) (quoting United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir.1985)).
 
 II
 
 3
 Wustrack next argues that there was insufficient evidence to convict him of possession with intent to distribute because there was no proof that he had dominion or control over the cocaine. See United States v. Medrano, 5 F.3d 1214, 1217 (9th Cir.1993) ("A person has constructive possession of an object if the evidence shows ownership, dominion or control over the contraband itself or the premises or vehicle in which the contraband is concealed.") (quotation marks omitted). "In reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt." United States v. Soto, 779 F.2d 558, 560 (9th Cir.), modified, 793 F.2d 217 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987). "The test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict." Id.
 
 
 4
 Count 2 of the indictment charged Wustrack with both possession with intent to distribute and distribution of cocaine. Viewed in the light most favorable to the government, the evidence shows that Wustrack arranged for coconspirator Steven Lemberg to transport the cocaine to Hawaii; helped Lemberg tape the package to his body before boarding the airplane; met Lemberg in Hawaii and arranged a meeting with Kitagawa, the buyer; authorized Lemberg to retrieve the package along with codefendant Kurt Kashiwabara; instructed Kitagawa to open the package in Wustrack's presence; negotiated the sale of the cocaine to Kitagawa for $30,000; and returned the next day to collect $10,000 from Kitagawa as partial payment. This evidence is sufficient to sustain Wustrack's conviction for distribution. See United States v. DeRosa, 670 F.2d 889, 893 (9th Cir.), cert. denied, 459 U.S. 993, and cert. denied, 459 U.S. 1014 (1982).
 
 
 5
 Wustrack argues, however, that because the government charged him with both distribution and possession, his conviction on Count 2 must be reversed. We disagree. "[U]nder 21 U.S.C. Sec. 841(a)(1), distribution and possession with intent to distribute merge when the possession is a step toward the accomplished distribution." United States v. Ray, 731 F.2d 1361, 1368 (9th Cir.1984). Thus, even assuming there was insufficient evidence to show Wustrack had possession of the cocaine, his conviction on Count 2 can be sustained because there was ample evidence to convict him of distribution.
 
 III
 
 6
 Wustrack contends that the district court erred in increasing his base offense level for attempting to obstruct justice. Under the applicable version of the Sentencing Guidelines, a two-level increase is warranted where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense[.]" U.S.S.G. Sec. 3C1.1 (Nov. 1991). The accompanying commentary provides that a Sec. 3C1.1 enhancement applies to such conduct as "threatening, intimidating or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so " and "committing, suborning, or attempting to suborn perjury." Id. comment. (n. 3(a), (b)) (emphasis added). We review de novo whether the defendant's conduct constitutes an obstruction of justice under Sec. 3C1.1. United States v. Draper, 996 F.2d 982, 984 (9th Cir.1993). The district court's underlying factual findings are reviewed for clear error. Id.
 
 
 7
 The district court granted the government's request for an enhancement based on Lemberg's trial testimony that Wustrack had asked Lemberg to tell the authorities that they were in Hawaii to purchase art from Kitagawa. According to Wustrack, it was Lemberg who told Wustrack to lie to the authorities while the two were in jail following their arrest. Wustrack argues that the district court should not have believed Lemberg because Lemberg had admittedly perjured himself in his testimony before the grand jury. We give special deference to the district court's credibility determinations. United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 8
 In the present case, Lemberg had already been debriefed by the FBI for several hours when the conversation regarding the false alibi took place. In addition, Wustrack admitted at the sentencing hearing that he, and not Lemberg, was the leader of the conspiracy. Under these circumstances, the district court did not clearly err in crediting Lemberg's version of the story over Wustrack's.
 
 
 9
 Wustrack also challenges the district court's interpretation of Sec. 3C1.1. He argues that even if he did tell Lemberg to lie to the authorities, his conduct does not fall under Sec. 3C1.1 because there was no evidence that he attempted to influence Lemberg to testify falsely under oath. This argument fails. A defendant can obstruct justice even though his actions occurred before any judicial proceedings were underway. United States v. Rodriquez-Macias, 914 F.2d 1204, 1205 (9th Cir.1990) (per curiam). Where a defendant instructs a codefendant to lie to law enforcement officers during their investigation, a Sec. 3C1.1 enhancement is proper. United States v. Atkinson, 966 F.2d 1270, 1277 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993).
 
 
 10
 Wustrack further argues that if he had given the false alibi statement to the authorities, rather than asking Lemberg to do it, his conduct would not constitute an obstruction of justice under Sec. 3C1.1. He relies on Application Notes 3(g) and 4(b), which provide that "making false statements, not under oath, to law enforcement officers" does not warrant an enhancement unless the false statements "significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. Sec. 3C1.1, comment. (nn. 3(g), 4(b)). Because he would not have received an enhancement for making the false alibi statement himself, Wustrack contends he cannot be penalized for asking Lemberg to do it. This argument ignores the plain language of Application Notes 3(a) and 3(b), which require only that the defendant attempt to unlawfully influence a codefendant or suborn perjury. We therefore hold that the district court did not err in enhancing Wustrack's base offense level under Sec. 3C1.1.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Wustrack's contention that he properly objected to the admission of the prior acts evidence. To preserve an evidentiary issue for appeal, a party must timely object and state the specific grounds for his objection. Gomez-Norena, 908 F.2d at 500. Wustrack only objected to Kitagawa's testimony concerning out-of-court statements allegedly made to Kitagawa by David Coleman and Bob Walsh. These occasional objections on hearsay and irrelevance grounds do not constitute a Rule 404(b) objection to all evidence relating to the earlier drug transaction