46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Johnny CRAWFORD, Defendant-Appellant
 No. 93-10464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 13, 1995.
Decided: Jan. 27, 1995.
 
 Before: ALDISERT*, CHOY and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) and possessing an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d), and sentenced to 235 months in prison, Johnny Crawford appeals both convictions and his sentence. The convictions are challenged on the ground that the evidence was insufficient. The sentence is challenged on the ground that the district court erred in enhancing his sentence under U.S.S.G. Sec. 2K2.1(b)(5) for use or possession of a firearm or ammunition in connection with another felony offense. We are not persuaded by these arguments and accordingly affirm the convictions and sentence.
 
 I.
 
 3
 At approximately 11:00 p.m. on March 14, 1992, California Highway Patrol Officers Brescia and Ayers conducted a traffic stop of a white pickup truck that failed to stop at a posted sign in Sonora, California. Joseph Kusick was the driver of the truck; Crawford the passenger. Kusick left the vehicle, approached the officers and apologized for running the stop sign. He appeared extremely nervous. Officer Brescia then spoke with Crawford. He also appeared extremely nervous. The officers discovered that Kusick was driving with a suspended license, and that both he and Crawford were ex-felons.
 
 
 4
 When the officers asked Crawford to leave the vehicle, a three-inch long, 12-gauge shotgun shell was observed on his seat. A search of the vehicle was conducted. A nylon bag was found on the floorboard of the passenger side. The bag was near the seat, but not underneath. Officer Brescia picked up the bag and heard metal clanging. He placed the bag on the seat of the truck, and observed and felt what he believed to be a shotgun inside the bag. The officer opened the bag and saw two 12-gauge sawed-off shotguns inside. During the search, Kusick fled. The officers gave chase, but he escaped. Crawford was arrested.
 
 
 5
 The search of the vehicle continued. Also in the nylon bag was an ammunition pouch containing four shotgun shells, two loose shotgun shells, a partial box of .32 caliber bullets, a ski mask, a stocking cap, three scarves, a black fingerless glove, and a pair of gloves. A .32 Llama semi-automatic pistol in a hip pack and numerous loose shotgun shells and rounds of ammunition were also found inside the truck.
 
 
 6
 After a two-day jury trial, Crawford was convicted of both counts charged in the indictment: Felon in Possession of a Firearm, 18 U.S.C. Sec. 922(g)(1), and Possession of Unregistered Firearm, 26 U.S.C. Sec. 5861(d). The presentence report recommended a one-level enhancement under U.S.S.G. Sec. 2K2.1(b)(1)(A) because the offense involved three firearms. The report also recommended a four-level enhancement under U.S.S.G. Secs. 2K2.1(b)(5) because the defendant used or possessed a firearm or ammunition in connection with another felony offense. The district court adopted the recommendations contained in the presentence report and sentenced Crawford to 235 months imprisonment.
 
 
 7
 The jurisdiction of the district court was based on 18 U.S.C. Sec. 3231. We have jurisdiction under 28 U.S.C. Sec. 1291. This appeal was timely filed under Rule 4(b) of the Federal Rules of Appellate Procedure.
 
 II.
 
 8
 Crawford challenges the sufficiency of the evidence that, as a felon, he knowingly possessed a firearm. Knowingly possessing a firearm is an essential element for conviction on both counts. In reviewing a challenge to the sufficiency of the evidence, we ask whether, "after viewing the evidence in the light most favorable to the [government], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Barron-Rivera, 922 F.2d 549, 552 (9th Cir. 1991) (alteration in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 9
 Possession may be actual or constructive. "To prove constructive possession, the government must prove 'a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance."' United States v. Terry, 911 F.2d 272, 278 (9th Cir. 1990) (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir. 1986)). Crawford argues that the only evidence linking him to the firearms was his proximity to them and that this is inadequate to establish constructive possession for purposes of 18 U.S.C. Sec. 922(g)(1). Crawford relies on the well-established principle that "mere presence as a passenger in a car from which the police recover weapons does not establish possession." United States v. Soto, 779 F.2d 558, 560, amended on other grounds, 793 F.2d 217 (9th Cir. 1986), cert. denied, 484 U.S. 833 (1987). In this case, however, there was much more than "mere proximity" to the firearms or "mere presence" in the car.
 
 
 10
 Crawford was sitting in the truck with a nylon bag at his heels and within reach. On Crawford's seat was a shotgun shell matching the shells found inside the bag. Inside the bag were sawed-off shotguns, masks and gloves for two individuals. Still further, Crawford motioned toward the truck and signaled Kusick when Crawford was forced by the officer to exit the vehicle.
 
 
 11
 We recently upheld a jury's finding of constructive possession of a firearm by a felon who was a passenger in the back seat of a vehicle where the left corner of that seat had been pulled out about six inches in an effort to conceal a loaded firearm. United States v. Gutierrez, 995 F.2d 169 (9th Cir. 1993). We held that "[i]t would tax credulity to assert that [the defendant] was sitting on top of a pistol without knowing of its presence, or that he just happened to be a passenger in an automobile equipped with a pistol for each passenger, and that he knew of nothing of that odd coincidence." Id. at 171. The same result should obtain here.
 
 
 12
 On the basis of this evidence, a rational trier of fact could find that the positioning and contents of the nylon bag, as well as the presence of a three-inch shotgun shell on Appellant's seat, constituted constructive possession of the weapons. Therefore, we affirm the convictions.
 
 III.
 
 13
 Crawford also contends that the district court erred in enhancing his sentence by four levels under U.S.S.G. Sec. 2K2.1(b)(5) for use or possession of a firearm or ammunition in connection with another felony offense. The proper interpretation of the Sentencing Guidelines is reviewed de novo; factual findings are reviewed for clear error. United States v. Koenig, 952 F.2d 267, 271 (9th Cir. 1991).
 
 
 14
 Crawford first argues that the district court could consider only other felony offenses involving the same firearm for which he was convicted of possessing. We find no support for this limitation. Indeed, the Guidelines expressly provide:
 
 
 15
 If the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by 4 levels.
 
 
 16
 U.S.S.G. Sec. 2K2.1(b)(5) (emphasis added). We therefore reject this argument.
 
 
 17
 Crawford also argues that the government failed to establish by a preponderance of the evidence the commission of "another felony offense." The presentence report disclosed that two robberies occurred on March 12, 1992 and March 13, 1992. Crawford was identified by eyewitnesses as the perpetrator of these offenses. On both occasions, Crawford was seen in possession of a .32 caliber semi-automatic Llama pistol. Crawford fled the scene of the March 13 robbery in a white pickup truck matching the description of the truck in which he was riding when arrested for the instant offenses. Moreover, a witness to that robbery retrieved half of a styrofoam holder containing rounds of .32 caliber ammunition which he observed drop from Crawford's pocket as he left the scene. The matching half of the foam container was found inside the nylon sports bag along with the guns that Crawford later was convicted of possessing. Upon review of the relevant evidence at sentencing, the district court concluded: "There isn't any question in my mind ... who was involved in that robbery." ER 35. The evidence was sufficient to prove by a preponderance of evidence that Crawford used or possessed a firearm or ammunition in connection with another felony.
 
 
 18
 Finally, Crawford argues that the district court failed to make findings as to the accuracy of the challenged factual propositions contained in the presentence report and to hold an evidentiary hearing. Because Crawford first raises these objections on appeal, we review only for plain error. See United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir. 1994). Plain error is "a highly prejudicial error affecting substantial rights." Id. (quotations omitted); see also Fed. R. Crim. P. 52(b). "We should correct a plain error [only] if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Ortiz-Lopez, 24 F.3d at 55 (quotation omitted).
 
 
 19
 At oral argument, the government reported that it had witnesses available to testify at an evidentiary hearing. The defendant did not request an evidentiary hearing, however, and none was held. See United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir. 1988) (decision to hold an evidentiary hearing is within the discretion of the trial court), cert. denied, 488 U.S. 1040 (1989). The district court was entitled to adopt and rely upon the findings of the presentence report. See United States v. Navarro, 979 F.2d 786, 789 (9th Cir. 1992). Moreover, the district court was intimately familiar with the details regarding at least one "other felony offense" because it previously heard a full description of the March 13, 1992 robbery during in limine motions when the government attempted to use the .32 caliber bullets to demonstrate that the defendant had knowledge of and access to the firearms found in the nylon bag.
 
 
 20
 The district court applied the four-level enhancement after concluding that Crawford used or possessed a firearm or ammunition in connection with another felony offense. This finding was not clearly erroneous, and thus the district court did not err in its sentencing calculation.
 
 IV.
 
 21
 For the reasons enumerated above, we AFFIRM.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3