83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George SIMON, Defendant-Appellant.
 No. 95-10070.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided April 17, 1996.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Simon appeals his conviction under 18 U.S.C. § 922(g) for being a felon in possession of a firearm. Police had obtained a search warrant for Simon's home and business in order to search for evidence of drug dealing. They found no such evidence. They did, however, find several firearms in Simon's home, and they found one gun under the front seat of the vehicle he was driving when he arrived home during the search. Simon was convicted of possessing the gun found in the car, but he was acquitted on the charge of possessing a firearm with an obliterated serial number, under 18 U.S.C. § 922(k), based on one of the firearms found in the house.
 
 
 3
 Simon timely appealed his conviction, asserting a variety of issues. We affirm the district court on all claims.
 
 
 4
 * Simon argues that the search warrant executed at his residence was invalid for two reasons. First, he contends that the warrant was not supported by probable cause and was facially invalid because it was based in part on information supplied by two confidential informants, and no information was given as to their reliability. Second, the affiant, Officer Jankowski, omitted material information that would have provided innocent explanations for some of the evidence used to support the warrant.
 
 
 5
 * A neutral and detached magistrate must evaluate the totality of the circumstances set forth in a search warrant affidavit to make a practical, common-sense decision whether there is probable cause. Illinois v. Gates, 462 U.S. 213, 238 (1983). When assessing the totality of the circumstances, the court may consider the veracity and the underlying basis of knowledge of informants supplying hearsay information. Id. (retaining, although not requiring, the two-pronged Aguilar-Spinelli test for informants' hearsay). A magistrate judge's determination of probable cause is accorded significant deference by the reviewing court. United States v. Gil, 58 F.3d 1414, 1418 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995).
 
 
 6
 In the affidavit, Officer Jankowski asserted facts tending to suggest that Simon was using his business as a front for a drug dealing operation. Two confidential informants provided information to Jankowski. The only information regarding the informants' reliability found in the affidavit was Jankowski's statements that "[informant 1] is currently involved with the Shamrock Bar and has been for several months," and "[informant 2] is also involved with George Simon." Nothing was said about their veracity in prior transactions.
 
 
 7
 However, because the two informants did not know one another and their stories were similar, they sufficiently corroborate each other. In cases finding sufficient corroboration for tips by anonymous informants, courts generally look for corroboration of some predicted activity. See, e.g., Gates, 462 U.S. at 244-46 (police corroborated detailed information given in an anonymous letter, including complicated travel plans and difficult to predict future actions); United States v. Alvarez, 899 F.2d 833, 837 (9th Cir.1990) (reasonable suspicion supported by police corroboration of an anonymous tip that an Hispanic looking man driving a Mustang GT was going to rob a particular bank at a particular time), cert. denied, 498 U.S. 1024 (1991). One court has held that a magistrate can confirm the reliability of information from multiple informants by noting the consistency of their statements. United States v. Ellison, 793 F.2d 942, 946 (8th Cir.), cert. denied, 479 U.S. 937 (1986).
 
 
 8
 Given the totality of the circumstances alleged in the affidavit, we conclude that the magistrate's finding of probable cause is valid. Both informants observed Simon handling large amounts of cash, and both alleged that he conducted drug transactions at the bar. Furthermore, the facts in the affidavit make it seem as though Simon is trying to hide his interest in the bar, a fact that Officer Jankowski, with all his experience in undercover drug busts, claims is often a sign of drug activity.
 
 
 9
 We therefore conclude that the warrant was facially valid, and we affirm the magistrate's finding that it was supported by probable cause.
 
 B
 
 10
 Simon next argues that material facts were omitted from the affidavit. A search warrant must be invalidated if the affidavit is based on intentionally or recklessly false statements by the affiant. Franks v. Delaware, 438 U.S. 154, 171 (1978). The Franks rationale also applies when the affiant omits material facts. United States v. Stanert, 762 F.2d 775 (9th Cir.1985), amended by 769 F.2d 1410 (9th Cir.1985). In order to challenge an affidavit that omits material facts, the defendant must make a substantial preliminary showing that (1) "the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading," and (2) the affidavit supplemented with the omitted facts would not be sufficient to support a finding of probable cause. Stanert, 762 F.2d at 781-82. If the defendant makes such a showing, then the court must hold a hearing at the defendant's request. Franks, 438 U.S. at 155-56.
 
 
 11
 Assuming that the information omitted was material, there is no evidence that Officer Jankowski knew the omitted facts at the time he submitted the affidavit. At the Franks hearing, the burden of proof is on the defendant, and he must establish by a preponderance of the evidence that the affiant intentionally or recklessly omitted material information. See Franks, 438 U.S. at 156. The district court held a Franks hearing, and Jankowski testified that the affidavit contained all the information known to him at the time. Simon offered no evidence to suggest that Jankowski's testimony was inaccurate.
 
 
 12
 Jankowski based his affidavit at least in part on information received from Detective Rau, who was conducting an ongoing investigation of the Shamrock Bar. We have held that a "deliberate or reckless omission by a government official who is not the affiant can be the basis for a Franks suppression." United States v. DeLeon, 979 F.2d 761, 764 (9th Cir.1992). However, Simon has not made a substantial showing that Rau intentionally or recklessly omitted material facts when she passed information along to Jankowski. At most, he has pointed out that the police eventually knew all of the omitted information--much of which could be found in public records. But he has not offered any showing that Jankowski or Rau knew the information and intentionally or recklessly omitted it from the affidavit. Simon had the opportunity to call witnesses and to present evidence at the Franks hearing. He did not subpoena Rau to testify, nor did he present any evidence that she omitted material information when she contacted Jankowski.
 
 
 13
 We find that Simon did not meet his burden of proof at the Franks hearing to prove by a preponderance of the evidence that Jankowski or Rau intentionally or recklessly omitted material information. Therefore, we affirm the district court's denial of Simon's motion to suppress.
 
 II
 
 14
 At trial, the court admitted evidence of guns found in Simon's house that were not the subject of the indictment. Simon argues that this evidence was unduly prejudicial and should not have been admitted under Federal Rule of Evidence 404(b). We have held that "proof of other unlawful acts is not inadmissable under Rule 404(b) ... 'when the evidence concerning the ["other"] act and the evidence concerning the crime charged are inextricably intertwined.' " United States v. Butcher, 926 F.2d 811, 816 (9th Cir.) (quoting United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987)), cert. denied, 500 U.S. 959 (1991). In Butcher, on facts quite similar to those of the current case, we held that there is a sufficient "nexus between guns and narcotics, and between guns and other guns" to allow admission of the other guns under 404(b). Id. at 816.
 
 
 15
 Therefore, provided that the evidence of the guns in Simon's home was not introduced to show his propensity to possess weapons, then it may be properly admitted under Rule 404(b). The district court instructed the jury that it may only consider the other guns insofar as they bear on the defendant's knowledge and intent. Under Butcher, it is logical to infer from evidence of other guns in Simon's home that he had knowledge of the gun found in his vehicle, and the intent to possess the gun. Thus, we find that the district court did not abuse its discretion when it admitted the evidence of the other guns.
 
 
 16
 Furthermore, the district court gave a limiting instruction informing the jury that it could not consider the other guns as evidence of propensity but only for knowledge and intent, purposes clearly allowed under Rule 404(b): "The reason I allowed you to hear evidence about [other guns in the house] was because it bears upon the defendant's knowledge and intent; if you feel that it does bear upon the defendant's knowledge and intent.... The defendant is not on trial for the conduct or the offense not charged in the superseding indictment. In Butcher, we upheld a much less cautionary instruction: "You should consider evidence ... about other acts of the defendant, only as they relate to these charges against the defendant," and "the defendant is not on trial for any act or conduct not alleged in the indictment." Butcher, 926 F.2d at 816-17. Therefore, we conclude that the district court did not abuse its discretion when it instructed the jury on its use of the evidence of other guns in Simon's home.
 
 III
 
 17
 Simon next argues that the district court erred when it excluded evidence that at the time of this incident he had instituted state proceedings to restore his civil rights. If the claimant is successful in such proceedings, then his slate is essentially wiped clean of former felony convictions and he will once again be allowed to purchase and possess firearms. Simon contends that because his civil rights were to be restored imminently--in fact, his civil rights were restored two months after the charged conduct occurred--this would be relevant evidence tending to show that someone who had taken steps to lawfully possess firearms would be less likely to unlawfully possess them on the date of the charged offense.[1]
 
 
 18
 We find that this evidence simply does not bear on the defendant's knowing possession of a firearm. Conviction under 18 U.S.C. § 922(g)(1) requires knowing possession of a firearm by a convicted felon. It is irrelevant whether Simon might potentially have been able to legally possess a firearm in the near future. The only question is whether he knowingly possessed it at the time. Therefore, the district court did not abuse its discretion when it chose to exclude this evidence.
 
 IV
 
 19
 Finally, Simon challenges the sufficiency of the evidence to support his conviction. In particular, he argues that the government did not sufficiently prove that he had constructive possession of the firearm found in the truck he was driving.
 
 
 20
 There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 21
 For constructive possession, the government must prove that the defendant had knowledge of the presence of the weapon, and " 'a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over [the contraband].' " United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986)). It is not enough that the defendant have the ability to exercise dominion and control; "the government must produce evidence showing that a defendant did exercise ownership, dominion or control over the contraband." Id. at 278 n. 5.
 
 
 22
 Knowledge and control may be inferred if the defendant has exclusive control over the premises or vehicle where contraband is found. Id. But if the premises are shared by more than one person, then the government must prove knowledge, and both the power and the intention to exercise dominion and control. Id.
 
 
 23
 Passengers in a car are not held to constructively possess weapons found in the car, without more than their presence in the vehicle to link them to the weapon. E.g., United States v. Behanna, 814 F.2d 1318, 1319-20 (9th Cir.1987); United States v. Soto, 779 F.2d 558, 560-61 (9th Cir.) ("The mere proximity of a weapon to a passenger in a car goes only to its accessibility, not to the dominion or control which must be proved to establish possession."), amended by 793 F.2d 217 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987); see also United States v. Guitierrez, 995 F.2d 169, 171-72 (9th Cir.1993) (establishing constructive possession by defendant's presence in the car, sitting on the weapon, and the officers' testimony that they observed furtive movements in the vehicle, suggesting the occupants were hiding something).
 
 
 24
 The government in the current case presented the following evidence that Simon intended to exercise dominion and control over the weapon found in the truck: the truck was registered solely in Simon's name; he was the only person in the truck when he arrived at the residence, and he knew the gun was under the seat; he negotiated to purchase the gun from Officer Meza; there were other guns found in the residence; and he was the only one who could exercise dominion and control over the weapon.
 
 
 25
 On the other hand, Simon presented evidence that: the truck was driven almost exclusively by his wife, Issis, and he rarely drove it; several of her belongings were found in the truck, but none of his were found there; he had negotiated the purchase of the gun, but he intended it to be purchased by and for Issis; Issis actually purchased the gun and took sole possession (and placed it under the seat of the truck); his fingerprints were not found on the gun; and no one testified they ever saw him with the gun.
 
 
 26
 Although the government has proved that Simon had the ability to exercise dominion and control over the gun, it is a closer question whether he had the intention to do so. Nonetheless, on the basis of the evidence presented, a rational trier of fact could find that Simon's knowledge of the gun's location, and his access to it whenever he drove the vehicle, however infrequently, gave him constructive possession of the weapon when he was stopped. Therefore, we hold that Simon's conviction was supported by sufficient evidence.
 
 V
 
 27
 For the foregoing reasons, we uphold Simon's conviction under 18 U.S.C. § 922(g)(1), and the district court's ruling on each issue is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Part of the dispute over this evidence involves Beecham v. United States, 114 S.Ct. 1669 (1994), which holds that prior federal convictions would still count for purposes of an 18 U.S.C. § 922(g)(1) violation, even if the defendant's civil rights have been restored in a state proceeding. However, Beecham was decided after this case was begun, and the law in effect at the time of the charged conduct, United States v. Geyler, 932 F.2d 1330 (9th Cir.1991), held that state restoration of civil rights nullified federal as well as state convictions. Thus, Simon argues that he had every reason to believe that he would be able to lawfully possess firearms, despite a prior federal felony conviction, within a few months of the time the charged conduct occurred