48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley R. BICE, Defendant-Appellant.
 No. 94-10361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Bice appeals his conviction, following a jury trial, for unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. Sec. 922(g). Bice contends that the district court erred by permitting the prosecution to reopen its case to read a stipulation concerning Bice's prior felony conviction. He also contends the evidence was insufficient to support his convictions. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Facts and Proceedings
 
 
 4
 A grand jury returned an indictment charging Bice with three counts of being a felon in possession of a firearm: possession of a .38 caliber Derringer (Count 1); possession of three rounds of .38 caliber bullets (Count 2); and possession of a Smith and Wesson 9mm semiautomatic pistol (Count 3). Before trial, Bice filed a motion in limine conceding that he was a convicted felon and seeking to exclude any references at trial to the nature and circumstances of his prior felony convictions. The district court granted the motion.
 
 
 5
 In his opening statement, the prosecutor told the jury that the parties had stipulated that Bice had suffered a prior felony conviction. However, the prosecutor did not read the stipulation to the jury before the close of the government's case.
 
 
 6
 Before the defense was to present its rebuttal, the court asked counsel, outside the presence of the jury, whether the stipulation concerning the prior felony conviction had been read into the record. When the prosecutor responded that he had overlooked that, the court determined that failure to read the stipulation had been inadvertent and permitted the government to reopen its case for that purpose. The defense rested without calling any witnesses. The government read the stipulation to the jury before closing argument. The jury returned a verdict of not guilty on Count 1 and guilty on Counts 2 and 3.
 
 II
 Reopening of Government's Case
 
 7
 We review for abuse of discretion a trial court's decision to reopen a case. United States v. Simtob, 901 F.2d 799, 804 (1990). Our inquiry focusses on "whether the court's decision was rendered on a consideration of relevant factors, and whether a clear error of judgment has been made." Id.
 
 
 8
 Here, Bice stipulated that he was a felon because he sought to exclude prejudicial evidence about his prior convictions. Bice was bound by this stipulation. See United States v. Ferreboeuf, 632 F.2d 832, 836, (9th Cir.1980), cert. denied, 450 U.S. 934 (1981). The stipulation did not relieve the government of its burden of proving this element of the crime, however. See United States v. Breutkreutz, 8 F.3d 688, 690 (9th Cir.1993) (because stipulation to prior felony conviction does not relieve government of burden proving that element of the crime, prosecution may prove prior felony either by stipulation or evidence). Thus, the government retained the burden of ensuring that the jury was informed of the stipulation. Because Bice had conceded that he was a felon, the reopening of the government's case to read the stipulation caused neither surprise nor an unfair deprivation an adequate opportunity to meet the proof. See United States v. McQuiston, 795 F.2d 858, 863-64 (9th Cir.1986) (no abuse of discretion where defense, though objecting to reopening, made no effort to oppose the additional evidence); United States v. Huber, 772 F.2d 585, 592 (9th Cir.1985) (no abuse of discretion where defendant was granted a continuance to respond to newly discovered evidence). The stipulation was read before closing arguments, at a stage in the proceedings when there was little, if any, risk that it would be given undue emphasis. Under the circumstances, it was not an abuse of discretion to allow the government to reopen its case.
 
 
 9
 Citing United States v. James, 987 F.2d 648 (9th Cir.1993), Bice also argues that the district court abandoned its impartial stance when it invited the prosecution to reopen its case, thereby violating Bice's right to due process. We disagree.
 
 
 10
 In James, we reversed a bank robbery conviction for insufficient evidence where the government had failed to introduce any evidence of the federally insured status of the bank, an element of the crime. Although the court allowed the government to reopen its case to read a stipulation to the jury concerning the bank's insured status, the government failed to read the stipulation, and the jury instructions did not inform the jury that the insured status had been established by stipulation. Id. at 650-52. Here, in contrast, the defendant conceded his prior felony conviction on the record before trial. Although Bice states correctly that a defendant "should not be held accountable for the government's failure to prove its case," id. at 651, that did not occur here. Unlike James, where the stipulation was nowhere in the record, the court in this case properly could have informed the jury by means of a jury instruction that the parties had stipulated that Bice was a felon. See id. at 651-52; see also United States v. Barker, 1 F.3d 957, 959 (9th Cir.1994), as amended, 20 F.3d 365 (1994). The court's invitation to the prosecution to read the stipulation had the same effect, and did not deprive Bice of a fair trial.
 
 III
 Sufficiency of the Evidence
 
 11
 Bice argues that the evidence was insufficient to support his conviction for possessing three rounds of .38 ammunition because the jury acquitted him of possessing the .38 derringer, and these two verdicts are inconsistent. This argument lacks merit.
 
 
 12
 There is sufficient evidence to support a conviction if, viewing the record as a whole in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. United States v. Gutierrez, 995 F.2d 169, 171 (9th Cir.1993).
 
 
 13
 The jury's verdicts are not inconsistent. When Bice was stopped by the police, the .38 derringer was in a bag behind the passenger seat, and the police had seen Bice and his passenger fumbling with it as the police approached the vehicle. The bullets, on the other hand, were found in Bice's pocket. The jury could reasonably have concluded that there was a possibility that Bice's passenger, but not Bice, possessed the derringer. Also, Bice told the police officer who stopped him that he collected ammunition. The evidence was sufficient to support the conclusion that Bice knowingly possessed the ammunition.
 
 
 14
 Bice also contends that there was insufficient evidence to support his conviction for possessing the 9mm pistol, which was seized from Alicia Pitts' car, because Pitts testified that she was not sure whether the pistol belonged to Bice or to James Thorup; that she was not sure whether the pistol was the same gun she saw Bice handling earlier that day; and that she had been threatened with prosecution if she did not testify. This argument is unpersuasive.
 
 
 15
 To prove that Bice possessed the gun found in Pitts' car, the government needed to prove that Bice exercised dominion and control over it. See id.; see also United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990). Pitts testified that she was with Bice when he bought the pistol, saw him fire it the night before his arrest for its possession, and saw him handle it on the morning of the arrest. Her testimony about the firing of the gun was corroborated by the recovery of a spent shell near the location where Pitts reported that Bice had fired the shots. Pitts' uncertainty about the gun and her testimony that she was threatened with prosecution for possession of the weapon are relevant to her credibility. "Questions of credibility are for the jury to decide and are generally immune from appellate review." United States v. Gordon, 844 F.2d 1397, 1405 (9th Cir.1988). The jury apparently believed Pitts' testimony, a determination we will not disturb on appeal. Pitts' testimony was not incredible on its face or insubstantial. See United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991) ("Even the uncorroborated testimony of an accomplice is enough to sustain a conviction unless it is incredible or unsubstantial on its face."), cert. denied, 502 U.S. 1062 (1992).
 
 
 16
 Based on the record as a whole, a rational jury could have found that Bice knowingly possessed both the ammunition and the 9mm pistol. See Gutierrez, 995 F.2d at 172; Terry, 911 F.2d at 278.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3