UNITED STATES of America, Plaintiff–Appellee,

v.

Jimmy John GUTIERREZ, Defendant–Appellant.

No. 92–10222.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 1993 *.

Decided June 10, 1993.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Clifford E. Tedmon, Tedmon & Tedmon, Sacramento, CA, for defendant-appellant.

Nancy L. Simpson, Asst. U.S. Atty., Sacramento, CA for plaintiff-appellee.

Before: GOODWIN, NOONAN, and T. G. NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

Jimmy John Gutierrez appeals his conviction, following a jury trial, for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Gutierrez argues that the evidence was insufficient to support the verdict, and that the district court erred in admitting evidence. We affirm the conviction.

## I.

On December 22, 1990, CHP Sgt. Rademacher and his partner, Officer Maddox, saw a silver and blue Cadillac making a wide, sweeping turn onto a lane of oncoming traf-

fic. The officers proceeded to follow the Cadillac. They observed "furtive" movements taking place inside—"bending, shifting, twisting, shadows, and hands moving"— and eventually pulled the vehicle over. Inside the Cadillac, the officers found three men: Quinones, the driver; Cervantes, seated in the right front; and Gutierrez, seated in the left rear.

Sgt. Rademacher questioned the driver and noticed the smell of alcohol on his breath. Rademacher conducted a field sobriety test, and the driver was taken to a nearby checkpoint for further testing. After determining that neither Gutierrez nor Cervantes possessed a valid driver's license, the officers advised them that they were free to go, but that they could not drive the Cadillac. The officers then decided to inventory the interior of the vehicle prior to having it towed away.

As Gutierrez and the Cervantes were walking away, Officer Maddox noticed that the left corner of the back seat had been pulled out about six inches. A black Harley Davidson watch cap and a loaded firearm were found where the back seat had been moved. This finding prompted the officers to detain both Gutierrez and Cervantes. A subsequent search of the front passenger seat area produced two loaded firearms and a ski mask. In addition, a pat down search of the driver revealed that he was wearing a bulletproof vest.

Gutierrez was the only defendant to stand trial. Both Quinones and Cervantes pleaded guilty to joint possession of the three firearms.

## II.

### A. Sufficiency of the Evidence

■ Gutierrez argues that the evidence to support his conviction for joint possession of the firearms is insufficient. In reviewing a challenge to the sufficiency of the evidence, we ask whether, "after viewing the evidence in the light most favorable to the [government], *any* rational trier of *fact* could have found the essential elements of crime beyond a reasonable doubt." *United States v. Barron–Rivera*, 922 F.2d 549, 552 (9th Cir.1991)

(internal quotations omitted; emphasis in original).

■ Gutierrez argues that the only evidence linking him to the firearms was his proximity to them and that this is inadequate to establish constructive possession for purposes of 18 U.S.C. § 922(g)(1). "To prove constructive possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the [firearms]." *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (internal quotations omitted).

■ Gutierrez relies on the well-established principle that "mere presence as a passenger in a car from which the police recover weapons does not establish possession." *United States v. Soto*, 779 F.2d 558, 560 (9th Cir.1986), *cert. denied*, 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 70 (1987). We agree that "[t]he mere proximity of a weapon to a passenger in a car goes only to its accessibility, not to the dominion or control which must be proved to establish possession." *Id.* at 560. In this case, however, there was much more than "mere proximity" or "mere presence" in the car. The left corner of the back seat, where Gutierrez was seated, had been pulled out approximately six inches in an apparent effort to conceal a watch cap and loaded firearm. It would tax credulity to assert that Gutierrez was sitting on top of a pistol without knowing of its presence, or that he just happened to be a passenger in an automobile equipped with a pistol for each passenger, and that he knew nothing of that odd coincidence.

Moreover, we agree with the reasoning of a line of Eighth Circuit cases holding that "testimony that the defendant may have placed something in the spot where the police later found the weapon can support a finding of possession." *United States v. Flenoid*, 718 F.2d 867, 868 (8th Cir.1983); *see also United States v. Whitfield*, 629 F.2d 136, 143 (D.C.Cir.1980), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981). In *Flenoid*, for example, the arresting officer testified that as he approached the car, he saw the defendant bend down and reach

under the car seat. 718 F.2d at 868. The police later found a gun under the car seat in the place where Flenoid had reached down. *Id.* The court affirmed the conviction, noting that "[t]he jury here was entitled to decide whose testimony it would believe—the police officer's or [the defendant's]." *Id.* at 869.

Here, the government offers the testimony of the arresting officers that they saw suspicious or "furtive" movements inside the car to support the finding of possession. The testimony of the so-called "furtive" movements may properly be used as evidence that the occupants of the car began to hide things after they saw the police car maneuver into a position to effect a stop. The conclusion that the occupants knew the car contained items they did not wish the police to discover is consistent with the movements the officers saw, and with the fact that the left corner of the back seat appeared to have been hastily pulled out to conceal a firearm. We are satisfied that the jury had ample evidence to support its finding that Gutierrez had constructive possession of the weapons.

## B. *Admissibility of Evidence*

 Gutierrez also argues that the district court erred in admitting certain items into evidence. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. "This determination is generally a matter within the discretion of the trial court, and will not be upset absent an abuse of discretion." *United States v. Green,* 648 F.2d 587, 592 (9th Cir. 1981).

First, Gutierrez contends that the district court erred in admitting the statements of the officers characterizing the movements inside the car as "furtive" because they were unduly prejudicial. The admission of expert opinion testimony is a matter within "the broad discretion of the trial judge not to be disturbed unless it is manifestly erroneous." *United States v. Fleishman,* 684 F.2d 1329,

1335 (9th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982).

The officers' characterization of the observed behavior as "furtive" was properly admitted under Federal Rule of Evidence 702.[1] In several cases, we have upheld the admission of an officer's expert testimony "that the defendant's activities indicated that he acted in accordance with usual criminal modus operandi." *United States v. Espinosa,* 827 F.2d 604, 612 (9th Cir.1987), *cert. denied,* 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988). In *Fleishman,* for example, the court held that the trial court properly admitted an officer's testimony that the defendant's actions indicated that he was acting as a "lookout" in a drug trafficking conspiracy case. 684 F.2d at 1335–36. "In these cases we have rejected the argument that expert testimony is inadmissible simply because it is founded solely on observations of innocent conduct. For that very reason, the expert testimony may be valuable to the jury." *Espinosa,* 827 F.2d at 612.

Nonetheless, a trial court should not routinely admit this type of opinion testimony without carefully weighing the testimony's probative value against its possible prejudicial effect. *Id.* "This weighing is particularly important with the expert testimony of a law enforcement officer, which often carries an aura of special reliability and trustworthiness." *Id.* at 613 (internal quotations omitted). The district court admitted the "furtive" comments only after determining that the testimony's probative value outweighed its possible prejudicial effect. There was no abuse of discretion.

 Next, Gutierrez argues that the district court erred in admitting as evidence the bulletproof vest worn by the driver, the ski mask discovered in the front passenger area, and the watch cap found behind the back seat. Again, the district court properly concluded that the probative value of these items outweighed their prejudicial effect. *See, e.g., United States v. Johnson,* 857 F.2d 500, 501 (8th Cir.1988) (upholding "the admission of a bulletproof vest in a firearms case to estab-

---

1. Rule 702 provides:

 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

 Fed.R.Evid. 702.

lish that a defendant knew of the existence of other guns and ammunition"); *United States v. Alessandrello,* 637 F.2d 131, 146 (3rd Cir. 1980) (upholding the admission of a ski mask and watch cap), *cert. denied,* 451 U.S. 949, 101 S.Ct. 2031, 68 L.Ed.2d 334 (1981).

Finally, Gutierrez relies on *United States v. Green,* 648 F.2d 587, 597 (9th Cir. 1981), to argue that even if each individual item of evidence cannot be considered unduly prejudicial, the cumulative effect of the evidence does constitute prejudicial error. In further support of his contention of cumulative prejudice, Gutierrez points to an error committed by his defense counsel. During defense counsel's closing argument, he inappropriately referred to the overcoat that Gutierrez had been wearing on the night of the arrest even though the coat was not in evidence. Apparently, counsel erroneously anticipated that the prosecutor would bring up the overcoat during the prosecution's closing argument. Thinking that he was deflecting a potentially harmful argument by the prosecutor, defense counsel explained to the jury that although the coat had "a certain kind of pocket or something," it was nonetheless "a standard overcoat." In fact, the prosecutor never raised the issue of the overcoat. Gutierrez concedes that defense counsel's error does not rise to the level of inadequate assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but maintains that the error should be considered in evaluating whether he suffered undue cumulative prejudice.

Gutierrez' reliance on *Green* is misplaced. In *Green,* the court held that the erroneous admission of evidence mandated reversal even though in isolation, some of the errors made by the trial court could be considered harmless. 648 F.2d at 597. This situation is entirely different. Gutierrez has failed to identify a single error in the admission of evidence and therefore has no basis for asserting cumulative error in receiving evidence.

**AFFIRMED.**