21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus M. CORONEL, Defendant-Appellant.
 No. 92-50317.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided March 21, 1994.
 
 Before: PREGERSON, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Coronel appeals his jury conviction for conspiracy to possess and distribute heroin and cocaine, possession with intent to distribute heroin and cocaine, and distribution of heroin and cocaine in violation of 21 U.S.C. Sec. 846 and Sec. 841(a)(1). He contends that the prosecutor improperly vouched for a government witness and that the district court abused its discretion by excluding evidence. We affirm.
 
 
 3
 The evidence at trial showed that Coronel supplied ten ounces of heroin and one kilogram of cocaine to a paid government informant on October 22, 1991. One of his co-defendants, Jose Gonzalez, testified against him pursuant to a plea agreement. Coronel's previous employer, the owner of an auto body shop, Mr. Korghlian, testified in Coronel's case in chief that Coronel had worked for him, that Coronel had ceased working for him in October, 1991 and that he last saw Coronel when Coronel was leaving the shop with an estimate sheet and book.
 
 A. Prosecutorial Vouching
 
 4
 Coronel contends that the prosecutor improperly vouched for Gonzalez on the following four occasions, which taken together cumulatively amounted to plain error: (1) when Gonzalez testified on direct examination that his understanding of a promise made to him in the plea agreement was "that maybe if I spoke the truth here, I would get a little bit less time"; (2) when the prosecutor elicited testimony on redirect regarding the truthfulness requirements of the plea agreement; (3) when the prosecutor inquired of Gonzalez on redirect if he pleaded guilty to conspiring with others besides his brother; and (4) when the prosecutor referred to the plea agreement in rebuttal argument. We determine that none of these instances individually amounted to improper vouching, or together constituted cumulative error.
 
 
 5
 "[R]eferences to requirements of truthfulness in plea bargains do not constitute vouching when the references are responses to attacks on the witness' credibility because of his plea bargain." United States v. Shaw, 829 F.2d 714, 716 (9th Cir.1987), cert. denied, 485 U.S. 1022, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988); see also, United States v. Monroe, 943 F.2d 1007, 1014 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1585, 118 L.Ed.2d 304 (1992); United States v. Kats, 871 F.2d 105, 107 (9th Cir.1989) (per curiam). In the instant case, neither the prosecutor's questions on redirect by which he sought to elicit the truthfulness requirements in Gonzalez's plea agreement nor his reference to the agreement during his rebuttal argument constitute vouching, since they both were "invited" by defense counsel's attacks on Gonzalez's credibility. Moreover, the prosecutor made no extra-record references. Cf. United States v. Roberts, 618 F.2d 530 (9th Cir.1980) (prosecutor's extra-record references in closing argument amounted to improper vouching), cert. denied, 452 U.S. 942, 101 S.Ct. 3088, 69 L.Ed.2d 957 (1981).
 
 
 6
 The prosecutor's inquiry into Gonzalez's plea agreement on direct examination did not amount to vouching either. The prosecutor asked what Gonzalez understood the promises in his plea agreement to be, to which Gonzalez responded: "They never promised me anything absolutely for sure, but just that if I spoke the truth here, I would get a little bit less time." "This is not vouching. The prosecutor's question does not imply a guaranty of [Gonzalez's] truthfulness, refer to extra-record facts, or reflect a personal opinion." United States v. Necoechea, 986 F.2d 1273, 1278-79 (9th Cir.1993). Also, this case is distinguishable from United States v. Wallace, 848 F.2d 1464, 1473-74 (9th Cir.1988). Unlike Wallace, Gonzalez's credibility was challenged by defense counsel in opening statement, so the prosecutor's questioning occurred after the issue of credibility was raised by the defendant. See Necoechea, 986 F.2d at 1279 (prosecutor's questioning of witness determined not to be "inopportune" because the defendant had "challenged [the witness'] credibility during opening statement"). The prosecutor was therefore entitled to respond on the credibility issue. See Monroe, 943 F.2d at 1013-14.
 
 
 7
 On redirect, the prosecutor asked whether Gonzalez had admitted to pleading guilty to conspiring with others besides his brother, in response to which Gonzalez stated "Yes" and named Montejano and Coronel as his coconspirators. Once again, "[t]his is not vouching. The prosecutor's question did not imply a guaranty of [Gonzalez's] truthfulness, ... or reflect a personal opinion." Necoechea, 986 F.2d at 1278-79. The question (a corrective to a misleading impression left by defense cross-examination) did not refer to extra-record facts because the indictment charging the Gonzalez brothers, Coronel, and Montejano with conspiracy had already been read to the jury, and Gonzalez had already admitted pleading guilty to the conspiracy count in his direct examination.
 
 
 8
 Because we determine that none of the alleged instances constituted error, there is no cumulative error. See United States v. Berry, 627 F.2d 193, 201 (9th Cir.1980) (in cumulative error analysis, "actions which we held to be not error" will not be considered), cert. denied, 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981); United States v. Gutierrez, 995 F.2d 169, 173 (9th Cir.1993) (no cumulative error exists where no individual errors are found).
 
 B. Evidentiary Issue
 
 9
 Coronel contends that the district court erred by excluding Korghlian's statement concerning what he had learned about the reason for Coronel's failure to return to work (his arrest), and by excluding the estimate sheet and Mitchell book which Korghlian said Coronel took with him the last day he left work.
 
 
 10
 The district court did not abuse its discretion when it excluded this evidence. The statement to Korghlian concerning Coronel's arrest was offered for the truth of the matter asserted (i.e., that the reason Coronel did not return to work was because he had, in fact, been arrested) and therefore constituted inadmissible hearsay. See Fed.R.Evid. 801(c). The estimate application and Mitchell book were also properly excluded because no foundation was laid to establish their relevance. There was no evidence to show that Coronel had the materials with or about him when he was arrested. See Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible."). Moreover, it is not at all likely that exclusion of that evidence had any effect upon the verdict. See United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3