24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William D. HELM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. HELM, Defendant-Appellant.
 Nos. 93-30119, 93-30320.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, William D. Helm appeals his convictions following jury trial for disposal of household waste on public land and creating a public disturbance or risk in violation of 43 C.F.R. Sec. 8365.1-1(b)(4), 1-4(a)(2). Helm raises three issues for review: (1) the district court erred by denying his motion to suppress evidence; (2) the district court erred by admitting a videotape and photographs into evidence because they were misleading; and (3) the government failed to present sufficient evidence to support his convictions. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 3
 * Motion to Suppress
 
 
 4
 Fed.R.Crim.P. 12(b)(3) requires defendants to move for suppression of evidence before trial, and failure to do so constitutes a waiver. United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987).
 
 
 5
 Here, Helm moved to suppress all videotape and photographic evidence on the first day of trial. Because Helm's motion was untimely, we hold the district court properly denied it. See id.
 
 II
 Admission of Evidence
 
 6
 Helm asserts the district court erred by admitting a videotape and photographs depicting Helm's mining sites located on federal land managed by the Bureau of Land Management (BLM) because they were misleading by not showing garbage located adjacent to his mining sites. This argument lacks merit.
 
 
 7
 We review for abuse of discretion the district court's Fed.R.Evid. 403 determinations. United States v. Gutierrez, 995 F.2d 169, 172 (1993); accord United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992) (district court has wide discretion in making Rule 403 decisions).
 
 
 8
 Under Rule 403, evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. Fed.R.Evid. 403.
 
 
 9
 Here, the district court admitted a videotape depicting Helm's mining sites on April 1, May 4 and 5, 1992 as well as photographs of the site. BLM Rangers James Massey and Bruce Albert testified that the videotape and the photographs accurately depicted the scene at Helm's mining site on April 1, May 4 and 5, 1992.[2] Ranger Massey also testified that he did not recall seeing any garbage on the land adjacent to Helm's mining sites. Moreover, Helm offered no evidence that the adjacent site contained garbage.
 
 
 10
 Because the videotape and photographs accurately depicted Helm's mining sites, they were highly probative regarding the condition of Helm's mining sites. Moreover, no evidence supports Helm's assertion that the videotape and the photographs do not show the "whole picture." Accordingly, we hold that the district court properly admitted the videotape and photographs into evidence. See Hitt, 981 F.2d at 423; see also United States v. Carpenter, 933 F.2d 748, 751 (9th Cir.1991) (videotape of charred bird carcasses not prejudicial)
 
 III
 Sufficiency of Evidence
 
 11
 Helm also contends that the government presented insufficient evidence to support his convictions. We disagree.
 
 
 12
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 13
 It is unlawful for persons to dispose of "household, commercial or industrial refuse or waste brought as such from private or municipal property" on BLM land. 43 C.F.R. Sec. 8365.1-1(b)(4). Subsection 8365.1-4(a)(2) prohibits persons from creating a hazard or nuisance on public land. 43 C.F.R. Sec. 8365.1-1(a)(2).
 
 
 14
 Here, the government adduced the following evidence at trial. Helm's two mining sites were clean prior to his arrival. After Helm's arrival, Ranger Massey observed more than ten dogs, several cats, empty beer cans, white plastic buckets, plastic milk containers, fifteen pounds of baling twine, magazines, papers, clothes and other items littering the two sites. Helm admitted to Ranger Massey that much of the property scattered about the two sites was garbage. Fecal matter from the vast number of dogs and cats Helm had at the two mining sites also impacted the site. This evidence sufficiently supports Helm's convictions for disposing of household waste and creating a nuisance on public land.[3] See 43 C.F.R. Sec. 8365.1-2(b)(4), 1-4(a)(2).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has received miscellaneous correspondence from Helm. Pursuant to our order requiring prefiling review, we decline to entertain the correspondence. Furthermore, although Helm appeals pro se from the district court's order requiring him to comply with the conditions of his probation, he offers no argument on this issue. Therefore, we deem any possible argument regarding the conditions of probation to be abandoned. See, e.g., American Inter. Enterprises, Inc. v. FDIC, 3 F.3d 1263, 1266 n. 5 (9th Cir.1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."); accord Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988)
 
 
 [2]
 We reject Helm's objection to the authenticity of the videotape. See Fed.R.Evid. 901(a); United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991)
 
 
 [3]
 Helm's counsel stipulated to corrections of the reporter's transcript. Therefore, we reject as frivolous Helm's objections to the reporter's transcript