120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador HERRERA, Jr., Defendant-Appellant.
 No. 95-10341.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1996.
Submission vacated July 8, 1996.
Resubmitted July 8, 1997.
Decided July 10, 1997.
 
 Before: GOODWIN, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herrera appeals his convictions for possession of a firearm by a convicted felon and possession of an unregistered firearm. Because any error which may have occurred was harmless, we affirm.
 
 Background
 
 3
 The prosecution followed a routine traffic stop of a car in which Herrera was a passenger. Upon looking inside the car, one of the arresting officers discovered the barrel of a modified rifle protruding from a gym bag on the floor of the seat where Herrera had bee sitting. Herrera initially denied knowing anything about he gym bag. However, later he asked for his house key which was attached to the bag. The officer asked Herrera how his key became attached to a bag he claimed to know nothing about, but Herrera did not respond. After motions to suppress evidence were denied, the jury convicted Herrera of the felon in possession of a firearm charge, and possession of an unregistered, modified rifle.
 
 Motion to Suppress
 
 4
 After observing the firearm in the car, but prior to questioning Her era about it, the arresting officer patted Herrera down for the possession of weapons in a "Terry search." The pat-down produced a small baggie of marijuana, but no weapon. The officer declare Herrera under arrest for possession of marijuana, and gave him hi Miranda warnings. only then did the officer begin to question Herrera regarding the gym bag and firearm.
 
 
 5
 The parties agree that the arrest for possession of marijuana was unlawful.[1] Accordingly, Herrera argues, the district court should have suppressed all subsequent statements and silences, as well as the housekey, as fruits of his unlawful arrest. In determining whether a piece of evidence is the "fruit" of illegal activity the Court asks if the evidence "has been come at by exploitation of that illegality ..." United States v. Foppe, 993 F.2d 1444, 1449 (9th Cir.), cert. denied, 114 S.Ct. 615 (1993).
 
 
 6
 Although there must be some causal connection between the illegality and the evidence, that alone is not enough to require suppression. We must ask further whether the illegal actively tends to significantly direct the investigation to the evidence in question.
 
 
 7
 Id. (internal quotation marks and citation omitted).
 
 
 8
 Here, there was no causal connection between the Terry pat-down and the questioning regarding the firearm in the gym bag. The officers had cause and opportunity to inquire into the firearm upon first seeing it, prior to Herrera's pat-down or arrest. Hence, the gun's illegal condition and Herrera's status as an ex-convict would have been made manifest in due course whether or not Herrera was arrested for possession of marijuana. Similarly, Herrera's comment regarding the key, and the discovery of the key itself, came about as a result of the gym bag's seizure, not the unlawful arrest The denial of the motion to suppress evidence was free from error.
 
 
 9
 Prosecutorial Comments on Herrera's Silence
 
 
 10
 We need not reach the question whether the prosecutor violated due process in commenting on Herrera's silent response to the officer's question about the key attached to the bag Herrera claimed to know nothing about. In light of all the other evidence, we are convinced beyond a reasonable doubt that the jury would have convicted Herrera even had the prosecutor not commented on Herrera's silence. The comment was uncalled for, but any error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 21 (1967).
 
 Sufficiency of the Evidence
 
 11
 Herrera argues that the evidence was insufficient to prove his possession of the firearm. We agree that proximity alone is not enough, but here the evidence in addition to proximity exceeded that in any case cited by Herrera. In addition to showing that the gun was near Herrera's seat in the car, the government showed that Herrera's house key was attached to the bag containing the gun, and that the muzzle of the gun was visibly protruding from the bag. This evidence is sufficient to show that Herrera was not only near the gun, but also had knowledge and control over it. See United States v. Gutierrez, 995 F.2d 169 (9th Cir.1993)
 
 Sufficiency of the Indictment
 
 12
 Herrera argues that the indictment was insufficient with regard to the charge of possessing an unregistered rifle because the indictment alleged the possession of a rifle with two different barre lengths, one which required registration and one which did not. By fair construction, the indictment contained the necessary facts to put Herrera on notice of the charges against him. The indictment should have referred to the "overall length" of the rifle rather than the "overall barrel length," but read in its entirety the existence of a typographical mistake is clear.
 
 
 13
 Nor did the district court's amendment of the indictment constitute reversible error. The court may amend an indictment containing typographical errors if those errors do not mislead or prejudice the defendant. As discussed above, the typographical error here neither misled nor prejudiced the defendant. The district court's amendment was proper.
 
 Jury Instructions
 
 14
 Herrera raises for the first time on appeal the validity of the instruction on count two, possession of an unregistered firearm. He contends that under Supreme Court precedent, at the time of trial, the district court should have instructed the jury that actual knowledge of the characteristics warranting registration was an element of the offense. Under the "invited error" doctrine we decline to review a jury instruction when the defendant both invited the error and relinquished a known right. United States v. Perez, Nos. 94-10313, 94-10314, 94-10400, slip, op. 7141, 7152 (9th Cir. June 20, 1997) (en banc). In this case, the district court proposed such an instruction, and Herrera rejected it. Herrera therefore waived his right and we will not review the instruction given. Id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Terry v. Ohio, 392 U.S. 1 (1968), provides for a search for weapons only, and there was no evidence that the officer believed the bag of suspected marijuana felt anything like a weapon. Therefore, the officer did not have cause to take the marijuana bag out of Herrera's pocket and examine it. Absent examination of the marijuana bag, the officer did not have probable cause to arrest Herrera for possession of marijuana