**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Armando GARCIA–MUNOZ,
Defendant—Appellant.**

**No. 02–10432.
D.C. No. 99–0970–TUC–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Oct. 6, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument.  See   Fed. R.App. P. 34(a)(2).

Before KLEINFELD, WARDLAW, and FLETCHER, Circuit Judges.

MEMORANDUM**

Armando Garcia–Munoz appeals both his conviction and sentence following a jury verdict for attempted murder of a United States Border Patrol agent.

■ 1. Garcia's claims of prosecutorial misconduct fail. Although he asserts as the "primary" act of misconduct the prosecutor's alleged reference to him as "the devil" in closing argument, he has since stipulated that this reference was in fact a transcription error. Nor did the prosecutor engage in impermissible "vouching" when she argued in closing that Agent Garcia had not violated any Border Patrol policies by returning the stolen gun to its owner or instructing the civilian owner to watch the aliens while in custody. These were reasonable inferences to be drawn

from Agent Garcia's testimony that he did not believe he was violating agency policy. *See United States v. Atcheson,* 94 F.3d 1237, 1244 (9th Cir.1996) (prosecutor's reasonable inferences from the record do not constitute misconduct); *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir. 1993) (same). Nor was it impermissible vouching to point out that Agent Garcia lacked any incentive to fabricate. *Necoechea,* 986 F.2d at 1279.

■ 2. Garcia's other claims of error fail as well. Because one element of the charged crime is causing the victim to fear immediate bodily harm, and because evidence was admitted at trial through Agent Garcia's testimony that he feared for his life, it was not error to use that testimony in closing argument, even though it was technically nonresponsive to the question asked. And, though the agent did not testify to the name of his child, but did refer to "missing his daughter's first birthday," reference to the child's name during closing was not plain error. *See United States v. Olano,* 507 U.S. 725, 730–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (defining standards for plain error). The testimony was never stricken from the record and the evidence was relevant to prove Agent Garcia's apprehension of immediate bodily harm. Nor was it plain error to admit Agent Garcia's testimony as to his speculation that the defendants were "smuggling something else, too," given that he did not actually testify that smuggling was involved, no other evidence regarding smuggling was admitted, and the government did not refer to any smuggling during closing.

3. Because there was no error, Garcia's claim of cumulative error also fails. *See*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Gutierrez,* 995 F.2d 169, 173 (9th Cir.1993) (where no error exists, by extension, cumulative error argument fails).

■ 4. The district court did not commit plain error by refusing to depart downward for acceptance of responsibility because, in fact, Garcia did not accept responsibility. Rather, in a letter to the court, he claimed that "if anyone was hurt and assaulted, it was me based on the reports."

■ 5. Garcia's claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), fails because his sentence did not exceed the statutory maximum of 20 years. 18 U.S.C. § 1113. The district court found by a preponderance of the evidence that Garcia acted with premeditation, and correctly adopted a base offense level of 28. *See United States v. Buckland,* 289 F.3d 558 (9th Cir.2002). Garcia's sentence of 113 months was well within the statutory maximum, and thus there was no error.

**AFFIRMED.**