**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Carlos Lopez HARDIN, Defendant— Appellant.**

No. 02–10634.

D.C. No. CR–01–00899–JMR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Dec. 19, 2003.

Maria Davila, Nathan D. Leonardo, Esq., USTU—Office of The U.S. Attorney, Evo A. DeConcini U.S. Courthouse, Tucson, AZ, for Plaintiff-Appellee.

Richard B. Jones, Esq., Law Office of Richard B. Jones, Tucson, AZ, for Defendant-Appellant.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

MEMORANDUM **

On June 27, 2001, a grand jury indicted Defendant Carlos Lopez Hardin on two counts: possession of a firearm by a convicted felon, a violation of 18 U.S.C.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§§ 922(g)(1) and 924(a)(2); and possession of a firearm with an obliterated serial number, a violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). The jury convicted Defendant on both counts. Defendant appeals from that conviction, challenging (1) the jury instruction regarding constructive possession, (2) the district court's failure to give a separate unanimity instruction on possession, and (3) the district court's denial of Defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. We affirm the district court in all respects. On a charge of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), a showing of actual, constructive or joint possession is sufficient to establish the possession element. *United States v. Carrasco*, 257 F.3d 1045, 1049–50 (9th Cir.2001). Defendant claims that there was insufficient evidence to instruct the jury on constructive possession because the firearms at issue were located in a bedroom that Defendant shared with his girlfriend and because there was no physical evidence connecting him to the guns. We disagree.

"To prove constructive possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the firearms.'" *Id.* (quoting *United States v. Gutierrez*, 995 F.2d 169, 171 (9th Cir.1993)). " '[When] the premises are shared by more than one person, the Ninth Circuit has found that if a party has knowledge of the weapon and both the power and the intention to exercise dominion and control over it, then he has constructive possession.'" *Id.* (quoting *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990)). Under our plain error review, and given the circumstantial evidence showing Defendant's knowledge of and dominion and control over the firearms in question, the district court did not err in giving the challenged instruction. The district court merely set forth the well-established definition of possession-an element of the crime.

The district court likewise did not err in failing to give a separate unanimity instruction on the constructive possession finding. "[I]n the ordinary case, a general instruction that the verdict must be unanimous will be sufficient to protect the defendant's rights." *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir.1989). In its instructions, the district court defined possession and told the jury more than once that its verdict had to be unanimous. This case required nothing more.

Finally, the district court did not err in denying Defendant's motion for acquittal. A rational trier of fact under these circumstances could have found that Defendant possessed the firearms in violation of section 922(g)(1). *See United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002), *cert. denied,* 537 U.S. 1037, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

AFFIRMED.