**Donny PICAZO, Petitioner—Appellant,**

v.

**Edward J. ALAMEIDA, Director, Respondent—Appellee.**

No. 03–55497.

D.C. No. CV–02–04551–VAP(RZ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 19, 2004.

Leonard Chaitin, Pasadena, CA, for Petitioner–Appellant.

Stephanie A. Miyoshi, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before BROWNING, REINHARDT and WARDLAW, Circuit Judges.

## MEMORANDUM *

Petitioner Donny Picazo appeals the district court's denial and dismissal with prejudice of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Affirming the report and recommendations of a United States Magistrate Judge, the district court held that the admission of the state's gang expert's testimony, stating that in his opinion the defendant had committed the crime of attempted murder and had done so for the benefit of a criminal street gang, constituted harmless error. Because the constitutional error committed by admitting the testimony was plainly not harmless and meets the applicable post-AEDPA standard of review, we reverse.

* This disposition is not appropriate for publication and may not be cited to or by the courts

### 1

The state urges us not to reach the merits of Picazo's petition because it contends that the petition raises claims that Picazo failed to exhaust below. The state has advanced two equally meritless exhaustion arguments. First, the state argues that Picazo's federal habeas petition did not raise the argument that Deputy Mills impermissibly testified that Picazo intended to kill the victim. The text of Picazo's habeas petition belies this assertion. Picazo's federal petition contained the exact same legal and factual claims as his state petition did. Both petitions raised the claim that unconstitutional prejudicial error resulted from the testimony of *two* Sheriff's Deputies that Picazo committed the crime with both the intent to benefit the gang and the intent to kill. Second, the state argues that Picazo failed to exhaust his claims before the California Supreme Court because he merely argued to that court that California Jury Instruction Number 2.80 was insufficient to cure the prejudice he alleged. But Picazo's petition to the California Supreme Court explicitly argued that the "trial courts' error in admitting the disputed testimony was prejudicial to appellant because it resulted in a denial of his federal and state constitutional rights to a fair trial and due process of law" under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §§ 7 and 15 of the California Constitution. Picazo's claims were fairly presented to both the California Supreme Court and the district court. We therefore hold his claims properly exhausted.

### 2

■ The district court properly found that the admission of Deputy Mills's opin-

of this circuit except as provided by Ninth Circuit Rule 36–3.

ion testimony constituted constitutional error. Like the California appellate courts before it, which found error because California law prohibited Mills from making inferences about Picazo's ultimate guilt in his testimony, the district court found that Mills's testimony drew impermissible inferences that the requirements of due process reserve exclusively for the jury. We agree.

"A witness is not permitted to give a direct opinion about the defendant's guilt or innocence." *United States v. Lockett,* 919 F.2d 585, 590 (9th Cir.1990). Mills's testimony did just that. The prosecutor asked Mills whether he was familiar with the facts of the "present case," to which he responded "I am." The prosecutor then asked Mills, "in your opinion, was *this crime* committed by or for the benefit of a criminal street gang, to wit, Littlehill?" (emphasis added). Mills answered "It was." The prosecutor then asked Mills for the basis of his opinion that *"this present crime* was committed at the direction of or for the benefit of a criminal street gang" (emphasis added). Mills responded:

> I believe it was committed in the benefit of the Littlehill street gang. First of all the mere act of going out and shooting at a rival gang member, the person doing the shooting and/or the passenger in that vehicle or any subsequent passengers in that vehicle, the mere fact of shooting a rival gang member will enhance their reputation from within their own gang. They gain respect from their gang members notoriety, it kind of enhances their stature within that gang. It also enhances their reputation being the fear factor of the rival gang being shot at and sometimes they are looked as being feared and basically, if you will, not to be messed with. And it increases the intimidation and fear factor within the community the surrounding commu-

nity which gangs like to have a strong hold on.

"The present crime," of course, was attempted murder. Attempted murder includes as one of its essential elements the intent to kill. Cal.Penal Code § 664(1). Picazo was also charged with the crime of acting in the furtherance of a street gang's interests, which has its own mens rea element—that the defendant intended to benefit his gang by committing the underlying offense. Cal.Penal Code § 186.22(b)(1). It is therefore clear beyond any doubt that Mills testified that Picazo intended to commit attempted murder for the benefit of his gang, thereby testifying as to the ultimate mens rea elements of both crimes.

When reviewing alleged violations of federal and state evidentiary rules in a federal habeas proceeding, our "role is limited to determining whether the admission of evidence rendered the trial so fundamentally unfair as to violate due process." *Windham v. Merkle,* 163 F.3d 1092, 1103 (9th Cir.1998). The admission of Mills's testimony satisfies this stringent standard. The opinion testimony was highly prejudicial with respect to both the crime of attempted murder and the crime of acting in the furtherance of a street gang's interests. We have held that the testimony of police officers, "often carries an aura of special reliability and trustworthiness." *United States v. Gutierrez,* 995 F.2d 169, 172 (9th Cir.1993) (internal quotation marks and citations omitted). Mills was one of only two experts on gang activities to testify at trial, both prosecution witnesses; his testimony thus carried the special "aura of reliability" that lay witnesses lack. *Cf. Dubria v. Smith,* 224 F.3d 995, 1001–02 (9th Cir.2000) (en banc). Because establishing Picazo's mens rea was entirely dependent upon circumstantial evidence, it is beyond doubt that the admission of opinion testimony from the only experts at trial had a substantial influence on the

jury. Indeed, had this trial been in federal court, an express federal rule would have barred Mills's testimony. *See* Fed.R.Evid. 704(b) (prohibiting any expert witness from testifying as to the defendant's mental state when such a state constitutes an element of the charged crime). We therefore agree with the district court that the admission of Mills's testimony violated Picazo's federal right to due process of law.

### 3

■ We now turn to whether the state trial court's error was harmless. We have held that the standard articulated in *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), applies "uniformly in all federal habeas corpus cases under [28 U.S.C.] § 2254." *Bains v. Cambra,* 204 F.3d 964, 977 (9th Cir.2000). Both parties have urged us to apply the *Brecht* standard here. The state did so both in its brief and at oral argument. Under *Brecht* and its progeny, a district court should grant a habeas petition whenever it has "any 'grave doubt' about whether the errors [at trial] had 'a substantial and injurious effect or influence in determining the jury's verdict.'" *Bains,* 204 F.3d at 977–78. The district court failed to apply this standard properly to Picazo's habeas claims.

Given the evidence in the record, it is likely that Mills's testimony had a substantial and injurious effect on the jury's verdict. The record contains no direct evidence showing that Picazo intended to kill Gonzales, rather than scare the rival gang members. There is some circumstantial evidence, such as the fact that Picazo fired three shots in the general direction of the house outside of which Gonzales was standing, and the fact that one eyewitness testified that Picazo shot in Gonzales's general direction. No evidence, however, showed that those shots were fired near

Gonzales or with intent to strike him. Moreover, there was evidence in the record—the testimony of Griselda Garcia who stated that she heard Picazo and his co-defendant yell "we'll be back" as they sped off and as Gonzales was lying on the ground—suggesting that Picazo may well have thought that he had not hit any person with the shots he fired when he fled from the scene, and that he had not intended to do so.

The only evidence in the record that firmly supported Picazo's alleged intent to kill was the opinion testimony of Deputy Mills. As we have already stated, the expert testimony of witnesses such as Mills carries great weight with the jury. The inferences Mills's testimony drew about Picazo—that in firing the shots he intended to commit the crime of attempted murder and did so to benefit his street gang—are not inferences we can confidently say that the jury would have made on its own. The trial judge did not instruct the jury specifically on Mills's opinion testimony. And the use of Cal. Jury Instruction No. 2.80, which instructs a jury to weigh the qualifications and experience of any expert witness such that the witness' "opinion is only as good as the facts and reasons on which it is based," did not cure the prejudice. Most of Mills's testimony was based on facts and reasons related to the general behavior of the Littlehill and Townsmen gangs. The jury had no reason to doubt those facts. In the absence of a specific instruction related to Mills's testimony regarding Picazo's intent, the jury had every reason to place considerable reliance on Mills's opinion.

We conclude that there is a strong probability that Mills's opinion testimony substantially influenced the jury's verdict. At a bare minimum, we "cannot say, with fair assurance, after pondering all that happened without stripping the erroneous ac-

tion from the whole, that the judgment was not substantially swayed by the error." *O'Neal v. McAninch,* 513 U.S. 432, 437–38, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (quoting *Kotteakos v. United States,* 328 U.S. 750, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). We thus hold that the admission of Mills's testimony had a substantial and injurious effect on the jury's verdict, reverse the decision of the district court, and remand for the issuance of a writ of habeas corpus granting Picazo appropriate relief.

**Reversed and Remanded for Grant of Writ.**

