**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRIC DERWON WILSON, AKA
Cedrick Dewon Wilson, AKA Dog,

Defendant - Appellant.

No. 10-50150

D.C. No. 8:98-cr-00159-ABC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted January 10, 2011
Pasadena, California

Before: O'SCANNLAIN, W. FLETCHER, and CLIFTON, Circuit Judges.

Cedric Wilson appeals his supervised release revocation and sentence. As

the facts are known to the parties, we repeat them here only as necessary to explain

our decision.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Wilson first challenges the district court's finding that he violated his supervised release conditions by possessing a firearm. He argues that the evidence was insufficient to establish possession and that the district court violated his Fifth Amendment right to due process by considering a police report submitted by the government, because the report contained facts that were not part of the stipulation. The stipulation did not provide that the court could not consider any facts beyond the stipulation, and the court did not agree to any such limitation on what it could consider. Moreover, although the police report constituted hearsay evidence, the Federal Rules of Evidence, including the rules limiting hearsay, do not apply at revocation proceedings. *See United States v. Verduzco*, 330 F.3d 1182, 1185 (9th Cir. 2003). Because Wilson waived his right to an evidentiary hearing and did not object to the court's consideration of the police report, the court did not violate due process when it considered information contained in the police report. *See United States v. Perez*, 526 F.3d 543, 548 (9th Cir. 2008). In light of the facts contained in the stipulation and the police report, we conclude that there was sufficient evidence to support the district court's finding that Wilson constructively possessed a firearm in violation of his supervised release conditions. *See* 18 U.S.C. § 3583(e)(3); *Perez*, 526 F.3d at 547; *United States v. Gutierrez*, 995 F.2d 169, 171 (9th Cir. 1993) (holding that "to prove constructive, the government must prove a

2

sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the firearms").

Wilson also argues that the district court abused its discretion by imposing an unreasonable sentence of 24 months. However, the district court correctly calculated the Guidelines range of 18–24 months and explained the reasons supporting the Guidelines sentence. *See* 18 U.S.C. § 3553(c). The court did not abuse its discretion by declining to address specifically each mitigating factor Wilson referenced at the sentencing hearing, or by failing to mention every factor listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e); *United States v. Carty*, 520 F.3d 984, 991–94 (9th Cir. 2008). We conclude that a 24-month sentence is not substantively unreasonable. *See Carty*, 520 F.3d at 988.

AFFIRMED.