FILED

NOT FOR PUBLICATION

FEB 15 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10367 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00128-HG-1 |
| v. | |
| AMBROSIO SANTOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Submitted February 11, 2013[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Ambrosio Santos appeals from the 120-month sentence imposed following

his guilty-plea conviction for conspiracy to distribute and to possess with intent to

distribute in excess of 50 grams of methamphetamine, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We reject Santos's argument that he failed to receive a fair evidentiary hearing in violation of his due process rights.  The record shows the district court did not rely on unreliable hearsay to find Santos ineligible for safety valve relief.  And contrary to Santos's allegation, there was no improper prosecutorial vouching in this case, where the alleged instances occurred before a sentencing judge rather than a jury.  *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) ("[I]n a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial.").  Finally, the record does not provide support for Santos's allegation that the prosecution knowingly used perjured testimony at the evidentiary hearing.

Santos also contends that the district court erred in its application of the Sentencing Guideline range by attributing to him the drugs found in his co-defendant's suitcase.  Contrary to Santos's argument, the district court did not apply the incorrect standard of proof, nor did the court apply an "assumption of risk" analysis in determining drug quantity.  *United States v. Gonzalez*, 528 F.3d 1207, 1214 (9th Cir. 2008) ("The district court at sentencing must find drug quantities by a preponderance of the evidence through sufficiently reliable

2

information."). Because the quantity of drugs in Santos's co-defendant's suitcase was reasonably foreseeable and "within the scope of the criminal activity that he jointly undertook," the district court did not err in holding him accountable for it. U.S.S.G. § 1B1.3(a)(1)(B) cmt. n.2. It was not necessary to establish the foreseeability of the quantity of drugs beyond a reasonable doubt because the quantity is not a fact "necessary to support a sentence exceeding the maximum authorized by the facts established by [Santos's] plea." *United States v. Booker*, 543 U.S. 220, 244 (2005).

Based on the foregoing, Santos's claim of cumulative error also fails. *See United States v. Gutierrez*, 995 F.2d 169, 173 (9th Cir. 1993) (no cumulative error where defendant failed to identify single error).

**AFFIRMED.**