NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50337 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03186-AJB-1 |
| v. | |
| ESTEBAN FIGUEROA-LARREA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 7, 2021[**]
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Appellant Esteban Figueroa-Larrea was charged with attempted illegal reentry in violation of 8 U.S.C. § 1326(a), a specific-intent crime. At his trial, Figueroa raised a voluntary intoxication defense asserting that he was too intoxicated and suffering from delusions at the time of his attempted entry to form the required

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

specific intent to commit the charged offense. At the conclusion of the trial, the district court read the agreed-upon Ninth Circuit model jury instruction for the charged offense. The jury returned a verdict of guilty. Figueroa appeals the district court's exclusion of expert testimony opining that Figueroa was experiencing a drug-induced psychosis at the time of his attempted reentry and the district court's failure to instruct the jury on an essential element of the charged offense.

1.    We "review a district court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Campos*, 217 F.3d 707, 710 (9th Cir. 2000). It is not clear whether the district court excluded the proposed testimony that Figueroa was experiencing the effects of serious intoxication when he entered the port of entry under Federal Rule of Evidence 702 or 704(b). But because we conclude the proposed testimony was properly excluded under Rule 702, we affirm. *See United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc) ("If the evidence could have been excluded under either rule, the district court did not abuse its discretion.").

Under Rule 702, the district court "must perform a gatekeeping function to ensure that the expert's proffered testimony is both reliable and relevant." *United States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010). Here, the evidence reflected that there was a lack of sufficient facts or data supporting the proposed testimony that Figueroa was hallucinating or delusional at the time of his attempted

2

entry. Accordingly, the district court did not abuse its discretion in excluding the proposed testimony. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) ("Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs.").

But even if the district court erred in excluding the testimony, the error was harmless because Figueroa has not demonstrated it is more probable than not that the error materially affected the verdict. *Morales*, 108 F.3d at 1040.

2.      Because Figueroa forfeited his objection to the instruction on the specific-intent element of the charged offense,[1] the district court's use of the instruction is reviewed for plain error. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc). Under plain-error review, the "defendant must establish (1) that the proceedings below involved error, (2) that the error is plain, and (3) that the error affected the substantial rights of the aggrieved party." *United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006). If the defendant can meet that burden, we may exercise our discretion to reverse the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal

---

[1] The government argues that Figueroa waived his objection to the jury instruction. But because the government has not presented any evidence that Figueroa was "aware of, *i.e.*, knew of, the relinquished or abandoned right," the objection was forfeited, not waived. *United States v. Perez*, 116 F.3d 840, 845–46 (9th Cir. 1997) (en banc).

3

quotation marks and citation omitted).

Here, the district court instructed the jury that it must find beyond a reasonable doubt that "the defendant had the specific intent to enter the United States free from official restraint." This was an error because our case law establishes that the jury was *also* required to find that the defendant had the specific intent to enter "without consent." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1198 (9th Cir. 2000) (en banc). But the error was not plain because our post-*Gracidas-Ulibarry* case law consistently summarizes that "the requirement of specific intent for this attempt crime means that to be found guilty, a defendant must have the specific intent to reenter 'free from official restraint.'" *See United States v. Lombera-Valdovinos*, 429 F.3d 927, 929 (9th Cir. 2005); *see also United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1225 (9th Cir. 2017); *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016). Although this case law did not eliminate the "without consent" element of the offense, it made the law less than obvious.

But even assuming the error was plain, it did not likely affect Figueroa's substantial rights because there is "strong and convincing evidence that the missing element of the crime had been adequately proved by the prosecution." *Alferahin*, 433 F.3d at 1158 (internal quotation marks and citation omitted).

3. Because we conclude that the district court did not err in excluding the expert testimony or plainly err in instructing the jury, the cumulative-error doctrine

4

is not applicable. *See United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004); *United States v. Gutierrez*, 995 F.2d 169, 173 (9th Cir. 1993).

**AFFIRMED.**