**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50085 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00579-CAB-1 |
| v. | |
| J. GUADALUPE FIGUEROA-JUAREZ, AKA Jose Guadalupe Figueroa Juarez, AKA Guadalupe Figueroa-Juarez, AKA Jose Guadalupe Figueroa-Juarez, AKA Alfonso Ramirez-Juarez, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50086 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-10013-CAB-1 |
| v. | |
| J. GUADALUPE FIGUEROA-JUAREZ, AKA Jose Guadalupe Figueroa Juarez, AKA Guadalupe Figueroa-Juarez, AKA Jose Guadalupe Figueroa-Juarez, AKA Alfonso Ramirez-Juarez, | |
| Defendant-Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted November 17, 2023[**]
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

J. Guadelupe Figueroa-Juarez appeals his conviction for attempted reentry as a removed alien in violation of 8 U.S.C. § 1326(a), (b), challenging two evidentiary decisions by the district court.[1] We review these decisions for abuse of discretion and reverse for non-constitutional error only if the verdict was likely affected. *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Figueroa contends that the district court abused its discretion by excluding a government report about processing of undocumented noncitizens at ports of entry. Even assuming the report's relevance, the court did not abuse its discretion under Federal Rule of Evidence 403 in excluding it. Considering the report's systemic criticism of government border policy, the court reasonably found that admission would pose a significant risk of prejudice because it could have led jurors to make

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Figueroa also filed a Notice of Appeal challenging the court's revocation of his supervised release. He has abandoned this appeal by failing to file a brief.

decisions based on their views of the immigration system, rather than the trial evidence. The court also reasonably found the report potentially confusing and a waste of time, given the breadth of policies it covered and its reference to practices from two years before Figueroa's arrest.

Moreover, any error was harmless. There was no constitutional error because Figueroa was able to present the substance of his defense—that he entered intending to turn himself in to U.S. law enforcement. *See United States v. Torres*, 794 F.3d 1053, 1062-63 (9th Cir. 2015). And even assuming non-constitutional error, "it is more probable than not that the error did not materially affect the verdict." *United States v. Lague*, 971 F.3d 1032, 1041 (9th Cir. 2020) (cleaned up). Figueroa presented substantial evidence supporting his defense that he intended to turn himself in to U.S. law enforcement. Meanwhile, the government's case was quite strong: it presented evidence that Figueroa crossed into the U.S. in the middle of the night, did not surrender to the first border agent he encountered, and did not state why he came to the U.S. when apprehended.

2. Figueroa also argues that the district court erred when it allowed a custodian of records to testify about the absence of evidence in his immigration records that he ever claimed fear of return to Mexico. The court did not abuse its discretion. Records of noncitizens claiming fear of return are "regularly kept" by immigration authorities. Fed. R. Evid. 803(10)(A)(ii). The government presented

3

testimony that "some documentation . . . according to protocol, is supposed to be created if somebody does claim fear." Figueroa did not demonstrate the "unreliability of the records," *United States v. Rich*, 580 F.2d 929, 939 (9th Cir. 1978), as the lack of regular recordkeeping that he identifies does not pertain to encounters in which non-citizens claim fear of return to their country of origin.[2]

3. Figueroa concedes that his equal protection argument predicated on *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), is foreclosed by our recent decision in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023).

**AFFIRMED.**

---

[2] Figueroa also asserts cumulative error. But in the absence of any error, there is no cumulative error. *United States v. Gutierrez*, 995 F.2d 169, 173 (9th Cir. 1993).